THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THOMAS RAY JAMES, Defendant-Appellant.

Fourth District    No. 15485

Opinion filed October 15, 1981.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman and Garry Bryan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:

Murder—40 years.

We affirmed.

The United States Supreme Court has sent it back to us.

We must now reverse and remand.

James' conviction for the murder of David Holler is here upon remand by the Supreme Court of the United States (*James v. Illinois* (1981), ___ U.S. ___, 69 L. Ed. 2d 386, 101 S. Ct. 3001), which directed this court to reconsider our decision affirming the conviction in light of *Edwards v. Arizona* (1981), 451 U.S. ___, 68 L. Ed. 2d 378, 101 S. Ct. 1880.

Defendant's statement, implicating himself in the murder of David Holler, was admitted against him at trial. Although James invoked his right to have counsel present during interrogation while he was being transported to jail following his arrest, this court determined that James retracted this right by agreeing to talk to the officers without an attorney being present and by signing four waiver forms which state that he waived his *Miranda* rights. It was nearly 24 hours after he said he wanted

an attorney present before James gave the statement sought to be suppressed. A full recitation of the factual setting involved here is set forth in our original opinion. *People v. James* (1980), 82 Ill. App. 3d 551, 402 N.E.2d 936.

*Edwards v. Arizona* now requires suppression of defendant's statement.

Under *Edwards*, a finding that a statement is voluntarily given is insufficient to allow admission of a statement obtained from an accused who has invoked his right to have counsel present during custodial interrogation. Reasoning that additional safeguards are necessary when an accused asked for counsel, the court held that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation, even if he has been advised of his rights. An accused who has expressed his desire to deal with the police only through counsel is not subject to further interrogation until counsel has been made available, or unless the *accused himself* initiates further communications, exchanges or conversations with the police. *Edwards v. Arizona* (1981), 451 U.S. ___, ___, 68 L. Ed. 2d 378, 386, 101 S. Ct. 1880, 1884-85.

This additional safeguard—which precludes interrogation of an accused who has invoked his right to counsel until counsel has been made available—was not fulfilled in the instant case. Nor does the record support the State's contention that James himself initiated these interrogations. But see *People v. Thomas* (1981), 98 Ill. App. 3d 852, 424 N.E.2d 985.

Defendant's conviction must therefore be reversed and the cause remanded for a new trial. Statements made by defendant James after he invoked his fifth and fourteenth amendment right to have counsel present during interrogation may not be admitted.

Reversed and remanded.

TRAPP, P. J., and WEBBER, J., concur.